# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 18-04117-02-CR-C-RK |
| **CLINT TRAVIS RODGERS**, | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on July 7, 2022. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Clint Travis Rodgers, to a total of 12 months' imprisonment and one-year supervised release.

### I. BACKGROUND

The facts concerning this investigation are set out in detail in the PSR and in Rodgers' plea agreement. In a nutshell, Clint Rodgers and his wife Tabitha were obtaining bootleg (counterfeit) Disney DVDs from a distributor in Hong Kong and selling them on eBay. Although Tabitha was responsible for the day-to-day operations of the business, Clint assisted by soliciting third parties to use their eBay accounts to sell the DVDs.

On October 12, 2021, Rodgers pled guilty, pursuant to a written plea agreement, to a Substitute Information charging a single count of Criminal Infringement of a Copyright.

Rodgers' Base Offense Level was an 8 and, after a 16-level increase due to the infringement amount, a 2-level increase because the offense involved the importation of infringing items and a

3-level decrease for acceptance of responsibility, Rodgers' Total Offense Level was determined to be 23. (PSR ¶¶ 23-33.)

The United States Probation Office calculated the Sentencing Guidelines as follows:

**Criminal Infringement of a Copyright:**
| | |
|---|---:|
| **Base Offense Level: § 2D1.1** | **8** |
| **Specific Offense Characteristics (infringement amount):** | **+16** |
| **Specific Offense Characteristics (importation):** | **+2** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **23** |

With a Criminal History Category of I, this calculation results in an applicable Guidelines range of 46 to 57 months; however, due to the statutory maximum, the Guidelines range is 12 months. The Government recommends a sentence of 12 months, to be followed by a one-year term of supervised release.

## II.   DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that in this case, a sentence of 12 months' imprisonment, is a sentence that is sufficient, but not greater than

2

Case 2:18-cr-04117-RK   Document 99   Filed 07/05/22   Page 2 of 5

necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). Given Rodgers' criminal history and the circumstances of this offense, a sentence of 12 months is warranted.

### A. *Application of the § 3553(a) Factors*

#### 1. The History and Characteristics of the Defendant

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1). Rodgers has no prior involvement with the criminal justice system. He has a college education and the ability to provide for his family. He has no history of substance abuse, and no mental health issues. Given his history a sentence of 12 months is warranted.

#### 2. The Need to Protect the Public from Future Crimes by the Defendant

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), supports imposition of a 12-month sentence in this case. Rodgers does not present a significant threat to public safety. A sentence of 12 months would be adequate to serve such interest.

#### 3. The Nature and Circumstances of the Offense

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the sentence that the Government recommends. Rodgers has enjoyed many advantages that others in the criminal justice system do not possess. He and his wife had the ability to legitimately earn income and provide for their family, but instead, they decided to take the easy path and engaged in an illegitimate and illegal business, selling counterfeit DVDs. The majority, if not all, of his income was derived from this illegitimate activity. He had been notified by Beachbody and Otter Products

to cease and desist from selling counterfeit products yet continued to sell counterfeit goods. Buyers in the marketplace had an expectation that the goods they purchased were legitimate; however, they were defrauded and provided with inferior, and in many cases, defective goods. Given the nature and circumstances of this case, a sentence of 12 months is warranted.

### 4. The Need to Avoid Unwarranted Sentencing Disparities

Uniformity in sentencing among similarly situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-range sentence, since the Court "necessarily gives significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). Given Rodgers' conduct and other factors, a Guidelines sentence of 12 months' imprisonment would not result in sentencing disparities among similarly situated defendants.

### 5. Balancing of All § 3553(a) Factors

A 12-month sentence is appropriate given all § 3553(a) factors. Although this is Rodgers' first involvement in the criminal justice system, Rodgers engaged in an illegitimate and illegal business that resulted in consumers being defrauded. The interests of public safety, as well as the interests of justice, justify imposition of a sentence of 12 months' imprisonment followed by one-year supervised release.

### C. *Recommended Sentence for Monetary Penalties*

Rodgers appears to have the financial means to pay a fine. The Government is recommending a fine in the amount of $10,000 be imposed. Moreover, the $25 Special Assessment is mandatory, and must be paid in full by Rodgers no later than the day of sentencing.

### IV. CONCLUSION

The Government respectfully suggests that a sentence of 12 months constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

                                  Respectfully submitted,

                                  **Teresa A. Moore**
                                  United States Attorney

By            /S/

                                  **Jim Lynn**
                                  Assistant United States Attorney
                                  Missouri Bar No. 32140

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 5, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

                                  /S/     Jim Lynn
                                  **Jim Lynn**
                                  Assistant United States Attorney