IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 18-04117-01-CR-C-RK |
| **TABITHA NICOLE RODGERS**, | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on February 8, 2023. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Tabitha Nicole Rodgers, to a total of 27 months' imprisonment and three years' supervised release.

### I.  BACKGROUND

The facts concerning this investigation are set out in detail in the PSR and in Rodgers' plea agreement. In brief, Tabitha Rodgers and her husband, Clint, obtained counterfeit Disney DVDs from a distributor in Hong Kong and sold them on eBay and other e-commerce sites. Tabitha was responsible for the day-to-day operations of the business, and Clint assisted by helping recruit third parties to use their eBay accounts to sell the DVDs for the Rodgers's.

On October 12, 2021, Tabitha Rodgers pled guilty, pursuant to a written plea agreement, to a Count 16 of the Indictment, charging criminal copyright infringement for a profit.

Rodgers's Base Offense Level was an 8 and, after a 16-level increase due to the infringement amount, a 2-level increase because the offense involved the importation of infringing

items, and a 3-level decrease for acceptance of responsibility, Rodgers' Total Offense Level was determined to be 23. (PSR ¶¶ 25-35.)

The United States Probation Office calculated the Sentencing Guidelines as follows:

**Criminal Infringement of a Copyright:**
| | |
|---|---:|
| **Base Offense Level: § 2B5.3** | **8** |
| **Specific Offense Characteristics (infringement amount):** | **+16** |
| **Specific Offense Characteristics (importation):** | **+2** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **23** |

With a Criminal History Category of II, this calculation results in an applicable Guidelines range of 51 to 63 months; however, due to the statutory maximum, the Guidelines range is 51 to 60 months. The Government recommends a sentence of 27 months, to be followed by a three-year term of supervised release.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c).

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that in this case, a sentence of 27 months' imprisonment, is a sentence that is sufficient, but not greater than

necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). Given Rodgers' criminal history and the circumstances of this offense, a sentence of 27 months is warranted.

A. *Rodgers' objections to the PSR*

Rodgers has no objections that would impact the Guidelines range. She does contest the inclusion of information in the PSR relating to the fact that she fraudulently obtained food stamps to which she was not entitled. Rodgers asserts that since the conduct is not related to the copyright infringement case to which she pled guilty; it cannot be considered as relevant conduct. As the Probation Officer points out, however, conduct related to the food stamp fraud is not listed in the relevant conduction portion of the PSR and was not used in determining her Guidelines range. Moreover, Rule 32 of the Federal Rules of Criminal Procedure requires that a PSR contain all information related to the defendant's history and characteristics, including, "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. P. 32(d)(2)(A)(iii). Additionally, the PSR must contain, "any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 32(d)(2)(G). *See United States v. Lovelace*, 565 F.3d 1080, 1090 (8th Cir. 2009) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. § 3661."). Rodgers' fraudulent conduct in obtaining food stamps to which she was not entitled should be considered in determining an appropriate sentence.

Rodgers also objects to the PSR recommendation that she be required to pay restitution in connection with food stamp fraud, arguing that the food stamp fraud was not part of the relevant conduct for the offense to which she pled guilty, namely, criminal copyright infringement. As the

3

Probation Officer points out, however, in Paragraph 16(a) of Rodgers's plea agreement, she agreed that "[t]he Court must order restitution to the victims of the offense to which [she] is pleading guilty. The defendant agrees that the Court *may* order restitution in connection with the conduct charged in any counts of the indictment which are dismissed and all other uncharged, related criminal activity." In the event the Court declines to order restitution for the food stamp fraud, the Government would recommend, in addition to a sentence of 27 months' custody, a fine in the amount of $20,000.

B.     *Application of the § 3553(a) Factors*

    1.     **The History and Characteristics of the Defendant**

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1). Rodgers has little criminal history. She has had a number of passing bad checks charges/convictions (PSR ¶¶ 39, 41, 42, and 50), and in 2013, Rodgers was convicted of stealing after she shoplifted some items from Wal Mart. (PSR ¶ 46.) Rodgers' upbringing appears to have been relatively stable, although she reported that her mother was an alcoholic and was abusive. Rodgers has had a long-term marriage and a stable family situation. She has no history of mental health issues, or substance abuse issues. She has earned some college credits, although she never attained a degree. She appears to have the ability to run a business and earn legitimate income.

In short, Rodgers appears to be someone who has a limited criminal history, although she did engage in some fraudulent conduct in her youth. Otherwise, she appears to be educated, and possesses the ability to run a business and earn a legitimate income. Given her history a sentence of 27 months is warranted.

    2.     **The Need to Protect the Public from Future Crimes by the Defendant**

4

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), supports imposition of a 27-month sentence in this case. Rodgers does not present a significant threat to public safety. A sentence of 27 months would be adequate to serve such interest.

3. **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the sentence that the Government recommends. Rodgers has enjoyed many advantages that others in the criminal justice system do not possess. She has some college education, a stable family, and the ability to maintain employment or run a business to generate legitimate income. Instead, she chose to take the easy path and engaged in an illegitimate and illegal business, selling counterfeit DVDs to unwitting buyers. The majority, if not all, of the Rodgers' income was derived from this illegitimate activity. She had been notified by Beachbody and Otter Products to cease and desist from selling counterfeit products yet continued to sell counterfeit goods. eBay cancelled a number of the Rodgers's accounts due to counterfeit merchandise being sold, but the Rodgers's simply recruited others to sell the Rodgers' products. Buyers in the marketplace had an expectation that the goods they purchased were legitimate; however, they were provided with inferior, and in many cases, defective goods. Moreover, even though Rodgers derived substantial income from selling counterfeit goods, she sought and obtained food stamps from the government to which she was not entitled. Simply put, Rodgers apparently believed that the rules did not apply to her, that she

5

was entitled to do whatever she wanted to make money. Given the nature and circumstances of this case, a sentence of 27 months is warranted.

  **4.**  **The Need to Avoid Unwarranted Sentencing Disparities**

Uniformity in sentencing among similarly situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-range sentence, since the Court "necessarily gives significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). Given Rodgers' conduct and other factors, a sentence of 27 months' imprisonment would not result in sentencing disparities among similarly situated defendants.

  **5.**  **Balancing of All § 3553(a) Factors**

A 27-month sentence is appropriate given all § 3553(a) factors. Rodgers engaged in an illegitimate and illegal business that resulted in consumers being defrauded. The interests of public safety, as well as the interests of justice, justify imposition of a sentence of 27 months' imprisonment followed by three-years supervised release.

**C.**  ***Recommended Sentence for Monetary Penalties***

Rodgers appears to have the financial means to pay a fine. In the event the Court does not order restitution in the amount $26,573, the Government is recommending a fine in the amount of $20,000 be imposed. Moreover, the $100 Special Assessment is mandatory, and must be paid in full by Rodgers no later than the day of sentencing.

### IV.  CONCLUSION

The Government respectfully suggests that a sentence of 27 months followed by three years supervised release, constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Teresa A. Moore**
United States Attorney

By   /s/Jim Lynn

**Jim Lynn**
Assistant United States Attorney
Missouri Bar No. 32140

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 1, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

/s/Jim Lynn
**Jim Lynn**
Assistant United States Attorney

7

Case 2:18-cr-04117-RK   Document 109   Filed 02/01/23   Page 7 of 7